Avert, J.
It is claimed in the present case, that the defendant, Stoughton, has a right to redeem the premises in controversy ; and it is further claimed, that although in some former stage of these proceedings that right might have been resisted, yet it is now too late, because, it is said, no question touching the right to redeem is before the-Court on this appeal.
The case is in this Court, by appeal from a decree of the Superior Court of Cincinnati. The Court therein affirms that the sale made by Davis B. Lawler,- under the power of attorney, as set forth in the answer of George Graham to the cross bill of James M. Stoughton, did not divest Stoughton of his equity of redemption, but that he was entitled to redeem, on paying the mortgage debt; and accordingly, the Court decreed that Stoughton ' should be allowed to redeem the premises, and that Graham *487 and his assignees be forever barred from setting up an f claim to them. Complainant, Brisbane, takes the appeal. Now by the express terms of the decree., the right to redeem the ises was settled in favor of the defendant, Sotughton; and to the prejudice, as the whole case showed, of the complainant. The complainant derives title through Graham, and if Graham took the premises free from Stoughton’s equity of redemption, then such equity ought not to be set up and sustained against the complainant. If the Superior Court had power to decree a right or title in the defendant, an appeal would seem but a barren privilege, if the decree so rendered could not be changed or reversed in the appellate Court. To take this appeal, was no doubt the right of this complainant; and he thereby, in the opinion of the Court, brought up the whole case, or at least so much as should be deemed necessary to secure him a hearing upon any decree rendered in the case. '
Considering the case then as properly appealed, the question is to be decided by the Court, whether the power of sale executed by O’Brien, the mortgagor, to Davis B. Lawler, be a valid power; and if so, whether the subsequent sale and conveyance by Lawler, to Graham, were in accordance with that power, and were otherwise unobjectionable, so as to pass the title in fee to Graham.
- The mortgage to Matthew Lawler, and the power to Davis B. Lawler, were executed on the same day; and were, as is obvious from the instruments themselves, intended to secure the sum of $3000, and provide for its prompt payment when due. There can be no dispute, but that this power uses language entirely suited to the purpose for which it appears to have been designed. The words are: “ and in case default shall be made in the payment of the said sum of three thousand dollars, on the said 29th day of May, 1833, I do hereby authorize and empower the said Davis B. Lawler, his executors and administrators, absolutely to sell, dispose of and convey, at public auction, the same hereditaments and premises, to the best bidder, and make and execute to the purchaser thereof a *488 full and:'effectual deed of conveyance of the same, and to rece*ve ^ie amount °f such purchase money.” Here is the con-of the parties, fully, distinctly and deliberately authorizing a sale of the premises, on the happening of a certain event. There is no pretence that any fraud, or imposition, was practiced by or upon the person authorizing the sale. The power, both in its form and the mode of its execution, under our statute, is sufficient to pass the title to real estate. What reason, then, can be given for pronouncing a bona fide sale under this power, a nullity ? With respect to the common mortgage, it is true, the doctrine has been established that the mortgagor has in equity a right to redeem. But it is a principle perhaps not less universally recognized, that after an actual and fair sale, under a trust deed, or mortgage deed with a power to sell, there is no equity of redemption remaining. The cases noticed, show the existence of this principle in England, and in many of the States. But an authority supposed to be directly in point, is found in 10 Ohio Rep. 208. The power in that case, is not more clear and explicit than the one now relied upon. Nothing in that case case shows that the power then before the Court, was not a power given to sell mortgaged premises.
But if the power of attorney was at the time of its execution a valid authority to sell and convey, what has since occurred te defeat or destroy it ? The bare delay to proceed for a year, could have no effect to impair any right once secured, nor can we perceive how an agreement, even upon a consideration, to delay for a given time, can be construed into an obligation to delay indefinitely,.or for any time longer then that agreed upon, or in any way into a waiver of the power. There is no release of the power, nothing, from all that appears, that was ever designed by the parties to operate as a release. On the contrary, action under the power was only suspended for a certain fixed period. The time agreed upon for delay passed, the money was still left unpaid, and then, after advertising the time and place of sale, as was necessary and proper under the power, the premises were at length sold to the highest bidder. Nothing *489 appears in any of the proceedings, as5-they are viewed by the Court, to impair the title of Graham under his deed executed by virtue of this power. If the power was sufficient to ize Davis B. Lawler to sell, and the measures adopted were in pursuance of the power, and without fraud, the pendency of the bill to foreclose the mortgage could not render the sale invalid. The proceedings in Chancery were not contemplated by the contract of the parties, nor in any wise necessary. They might have been discontinued after the sale, instead of being carried on to a final decree. As such proceedings do not of themselves constitute any release, they can be objectionable only as they may have an effect upon the sale, or show fraud in the parties. Nothing of this kind appears in proof, and we have not been able to see any thing that should give the defendant, Stoughton, the right of redemption, which is claimed for him. He will therefore not be allowed to set up such right in the case.

Decree accordingly.