Smith, J.
The plaintiffs in error commenced an action in replevin against the defendants in error to recover the possession of a piano which they (the plaintiffs) claimed to own, and which they averred was unlawfully detained from them by the defendants. The defendants, Q-. & E. Simper, by their answer,simply denied the averments of the petition.
At the trial the plaintiffs,in support of their claim,offered in evidence a mortgage given to them by Laura White on the piano when she was the owner of it, to secure the payment of the purchase price thereof, and proved the amount due to them therefor, and that the condition was broken, *376 and a demand for its possession and a refusal to deliver it, andthatthereupontheyreplevied.it. It further appeared on cross-examination of their witness, that the mortgage had never been filed as the statute provides. Plaintiffs then rested.
By way of defense, the Simpers offered in evidence a mortgage on the piano and on other property executed to them by Laura White, after the execution of the mortgage by her to Smith & Nixon — and that the same had been duly filed. That on default of payment, they had taken the property from her in replevin proceedings against her.
By way of rebuttal the plaintiffs called Mrs. White as a witness and sought to show by her, that at the time she executed the mortgage to the Simpers she had no knowledge that it was a mortgage or in any way a lien on her property. That she was then not indebted to them in any sum, but that on the contrary they were indebted to her; and were so when the property was replevied. That she did not know that the piano was covered by the mortgage, and that she had notified the Simpers that Smith & Nixon then had a mortgage thereon. This evidence was all excluded by the court on the ground that it was not proper evidence in rebuttal, and plaintiffs excepted.
In this we think the oourt erred. As against any subsequent mortgages executed by Mrs. White with notice to the mortgagee of the prior mortgage on the piano to Smith & Nixon the mortgage to Smith & Nixon was a good and valid one, though not filed. Such subsequent mortgage with notice of the prior mortgage, is not a bana fide mortgage, and the first mortgage, though not filed, has priority over it. 7 Ohio St., 198; 17 Ohio St., 488; and 11 C. C., 193, recently affirmed by the supreme court. So, too, if there was nothing due on the Simper mortgage when they replevied the property under it, it gave them no right to hold the property as against a prior mortgagee though the mortgage of the latter was never filed.
*377 The claim of the Simpers was first asserted in this case when they offered their mortgage in evidence. Smith ¿z Nixon had then a right to show that it was not a valid mortgage, or good as against them — cr had been paid, or was a forgery, or any other matter which would show that the Simpers had no claim to the property under it. The contention of counsel for the defendants in error is that if such evidence were allowed, then that the Simpers would have the right to rebut this rebutting evidence, and this is not allowable. Of course they would have such right, for our statute, sec. 5790, Revised Statutes, expressly gives it to them. It provides, in substance, that the party who would be defeated if no evidence were offered must first produce his evidence, and the adverse party must then produce his evidence, and that the parties shall then be 'confiued to rebutting evidence. Clearly in this case the evidence sought to have been introduced,if admitted,could have been rebutted by the Simpers.
It is further urged that such evidence should not have been allowed in this case, but that Smith & Nixon should have set up their.claim in the'replevin suit of the Simpers against Mrs. White. But so far as appears in this case, they were not parties to that proceeding, and were not bound to become parties thereto, but could properly assert their claim to the piano in this action. It is further objected that all of the evidence offered in this case is not set out in the bill of exceptions. If the reversal of the judgment was sought on the ground that the verdict of the jury was against the weight of the evidence the objection would be good. But such is not the case. The only error assigned is that the court erred in excluding evidence, and to raise this question it is not necessary to have before us all the evidence in the case. For the reason stated, the judgment which was against the plaintiffs, will be reversed, and a new trial awarded.